# WARDENSKI P.C.
## Civil Rights Law

July 6, 2026

**VIA ACMS**

Catherine O'Hagan Wolfe
Clerk
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE:** ***Gordon v. Aetna Life Insurance Co.*, No. 26-820**

Dear Ms. Wolfe:

Appellees respond to Appellant's July 2, 2026, notification of the Supreme Court's decision in *West Virginia v. B.P.J. ex rel. Jackson*, No. 24-43 (June 30, 2026). The Court's holding that Title IX permits states to define eligibility for women's and girls' sports based on sex assigned at birth (called "biological sex" in *B.P.J.*) is inapplicable here, and its Equal Protection Clause holding is irrelevant to Appellees' Section 1557 claims.

*First*, the Court cabined its Title IX holding to the athletics context. Slip Op. at 12-13, 19-21. The Court relied heavily on the Education Amendments Act of 1974, Pub. L. No. 93-380, § 844, 88 Stat. 612 (1974), which directed the Secretary of Health, Education, and Welfare to promulgate Title IX regulations regarding athletics participation. Slip Op. at 9-12. Those regulations expressly permit sex-separated teams. *See* 34 C.F.R. § 106.41. In *B.P.J.*, the Court thus recognized that "[s]ports are different from … a typical … educational opportunity," where Title IX generally requires schools to treat individuals without regard to sex. *Id.* at 19.

*Second*, the Court did not apply *Bostock v. Clayton County*, 590 U.S. 644 (2020), because the Title IX regulations "authorize[] separate men's and women's sports

Joseph J. Wardenski (he/him)
Founder & Principal
*Admitted to practice in NY and DC*
joe@wardenskilaw.com

134 West 29th Street, Suite 709
New York, NY 10001
Tel: 347.913.3311 | Fax: 347.467.7237
www.wardenskilaw.com

## WARDENSKI P.C.

teams" despite the statute's general prohibition against sex discrimination. Slip Op at 13. The Court reiterated, however, that *Bostock*'s holding remains undisturbed and applies in contexts where the law "requires that men and women be treated without regard to their sex." *Id.* Section 1557 broadly prohibits sex discrimination against individuals in covered health programs, and, unlike Title IX, contains no subject-specific exception like the one relied on by the Court in *B.P.J. See id.*

*Third*, *B.P.J.* does not retreat from *Bostock*'s holding that discrimination for being transgender is sex discrimination. Slip Op. at 3 (Gorsuch J. concurring) (noting *Bostock* "read the word 'sex' in Title VII to refer to biological sex"). The district court here correctly applied *Bostock* in finding that Aetna's challenged coverage exclusion, which categorically denies all transgender people facial reconstruction surgeries when needed "as a component of a gender transition," discriminates based on sex. D. Ct. Dkt. 170 at 9.

Respectfully submitted,

*/s/ Joseph J. Wardenski*
Joseph J. Wardenski

*Attorney for Appellees*

cc:    All counsel of record (via ACMS)